UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAHARA BROWN,
    Plaintiff,

vs.

JULIE HUTCHINS, et al.,
    Defendants.

Case No. 1:23-cv-128

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, a resident of Portsmouth, Ohio, has filed a pro se civil complaint against Scioto County Prosecutor Shane Tieman, Scioto County Assistant Prosecuting Attorney Julie Hutchins, and Portsmouth Police Department Officers K. Kidd and Josh Justice. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

    A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

      B.      **Plaintiff's Complaint**

Plaintiff's complaint alleges that detectives came to her home in July 2022 and advised her to vacate the premises because the property was being forfeited by the State of Ohio in connection with a criminal action. As best the Court can discern from the state court documents attached to plaintiff's complaint, the state court criminal action at issue did not involve plaintiff. The residence allegedly had been occupied by the criminal defendants indicted in the case and was used in the drug trafficking offenses charged in the indictment. It was also alleged that the residence was purchased with drug trafficking proceeds and was therefore subject to forfeiture under Ohio Rev. Code § 2981.01 et seq. It appears the property was titled in the name of a relative of one of the criminal defendants, who then gifted the property to plaintiff. (Doc. 1-1 at PAGEID 20). Plaintiff filed a "Motion for Release of the Property" in the state court action,

seeking to undo the forfeiture. (*Id.* at PAGEID 24-27). The State of Ohio, through Scioto County Assistant Prosecuting Attorney Julie Hutchins, filed a motion to strike and dismiss plaintiff's motion, arguing, inter alia, that plaintiff was not a bona fide purchaser of the property as required by law. (*Id.* at PAGEID 16-17).

In a judgment entry dated August 31, 2022, the Scioto County Common Pleas Court Judge ruled:

> This matter comes before the Court on the Motion for Release of Property filed by Shahara Brown. This Court finds the Motion was set for oral hearing on August 12, 2022.
>
> The Petitioner, Shahara Brown, appeared and notified the Court that she had filed with the Clerk of Courts a document stating she did not wish to proceed with her motion.
>
> This Court, therefore, finds the Motion for Release of Property has been withdrawn by the Petitioner and the issue is moot.

(*Id.* at PAGEID 19). On January 12, 2023, the Scioto County Common Pleas Court entered judgment for the disposition of various items of property, including the residence at issue, which was marked "approved by" defendant Tieman. (*Id.* at PAGEID 12-14).

Plaintiff's complaint alleges that detectives and others served her with a copy of the Judgement Entry for Disposition of Property on February 20, 2023 and ordered her to leave the premises. On February 27, 2023, officials returned to plaintiff's residence and advised her she has until March 10 to vacate the property. (*Id.* at PAGEID 9).

As relief, plaintiff "would like the courts to open a civil case against the defendants for harassment. Trespassing my property and threatening me. These people will not leave me alone." (*Id*. at PAGEID 8).

### C. Resolution

Plaintiff's claims against defendant prosecutors Tieman and Hutchins must be dismissed because plaintiff seeks relief from defendants who are immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb Cty. Enf't Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1998). Moreover, "prosecutorial immunity extends to proceedings where the prosecutor institutes a civil forfeiture proceeding." *Blakely v. United States,* 276 F.3d 853, 871 (6th Cir. 2002) (citing *Cooper v. Parrish,* 203 F.3d 937, 947 (6th Cir. 2002)).

In this case, plaintiff's claims against the defendant prosecutors arise from their prosecution of the forfeiture proceedings, including the filing of documents therein. Because the prosecutors were acting in their role as advocates for the government, defendants Tieman and Hutchins are entitled to absolute immunity. *Blakely,* 203 F.3d at 947. Accordingly, plaintiff's individual capacity claims against defendants Tieman and Hutchins should be dismissed.

In addition, plaintiff has failed to allege any facts showing how defendants Officers Kidd and Justice participated in any alleged violation of her federal constitutional or statutory rights. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that defendants Kidd or Justice violated plaintiff's rights. *Iqbal*, 556 U.S. at

5

678. With the exception of listing the named defendants in the caption of her complaint, plaintiff has failed to allege the specific actions each of these defendants allegedly took to violate her rights. Although the Court liberally construes pro se litigant filings, dismissal of a complaint is appropriate when it fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal citations omitted)). Plaintiff has not alleged sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against defendants Kidd or Justice. *Twombly*, 550 U.S. at 555. Therefore, the complaint against defendants Kidd and Justice fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the complaint indicates that both plaintiff and the defendants are citizens of Ohio. Therefore, the complaint does not allege that the citizenship of plaintiff and the defendants are diverse. 28 U.S.C. § 1332(1). This Court lacks subject matter jurisdiction on the basis of diversity of

citizenship over any state law claims plaintiff may be alleging.

For these reasons, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/7/2023

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAHARA BROWN,
    Plaintiff,

vs.

JULIE HUTCHINS, et al.,
    Defendants.

Case No. 1:23-cv-128

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).