IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Shahara Brown, | : | |
| | : | Case No. 1:23-cv-128 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Julie Hutchins, *et al.,* | : | Recommendation |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") entered by Magistrate Judge Karen L. Litkovitz on March 7, 2023. (Doc. 4.) The Magistrate Judge recommends dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted and because two of the defendants are immune to the relief sought. The Court previously denied Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction because *Rooker-Feldman* doctrine bars the Court from reviewing whether a forfeiture order issued by a state court was proper and because the Plaintiff otherwise failed to show that the factors for granting a preliminary injunction were met.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file and serve specific written objections to the report and recommendations. 18 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas*

*v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's R&R have been filed. The Court finds no clear error and agrees with the well-reasoned R&R.

Accordingly, it is **ORDERED** that the R&R (Doc. 4) of the Magistrate Judge is hereby **ADOPTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order could not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge